**UNITED STATES of America**

v.

**Arthur D'AMARIO, III, Appellant.**

**No. 06–1498.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible
Summary Action

Under Third Circuit L.A.R. 27.4 and
I.O.P. 10.6 April 13, 2006.

Filed April 28, 2006.

George S. Leone, Office of United States Attorney, Newark, NJ, for United States of America.

Arthur D'Amario, Philadelphia, PA, pro se.

Before: SCIRICA, Chief Judge,
RENDELL and AMBRO, Circuit Judges.

## OPINION

PER CURIAM.

Arthur D'Amario appeals from the District Court's order denying his motion to stay or revoke his supervised release. Because D'Amario's appeal presents no substantial question, we will summarily affirm.

Because we write primarily for the parties, the facts of this case need not be recounted in detail. The background of this case can be found at *D'Amario v. United States*, 403 F.Supp.2d 361 (D.N.J. 2005). In 2005, the United States District Court for the District of Rhode Island

revoked D'Amario's supervised release after he violated the conditions of that release.[1] *See United States v. D'Amario*, 412 F.3d 253 (1st Cir.2005). On January 17, 2006, D'Amario moved in the District of New Jersey to prevent his release from prison.[2] Because he appears to have challenged the commencement of his supervised release in the wrong jurisdiction, the District Court properly denied his motion.

Upon his initial release from prison D'Amario began serving two concurrent terms of supervised release, one from a conviction in the District of New Jersey, the other from the District of Rhode Island. On May 2, 2003, the District of New Jersey transferred jurisdiction over D'Amario's supervised release pursuant to 18 U.S.C. § 3605 to the District of Rhode Island. *United States v. D'Amario*, No. 01–0346 (D.N.J. May 2, 2003). Thus, the District of New Jersey no longer has jurisdiction to provide the relief that he seeks and properly denied his motion.

In short, upon consideration of the record, we conclude that his appeal presents us with no substantial question. *See* Third Circuit L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will affirm the District Court's order.

---

**1.** According to D'Amario, his term of incarceration for the supervised release revocation ended on February 10, 2006.

**2.** After he filed a notice of appeal regarding the District Court's denial of his motion, D'Amario filed an emergency motion in this Court, which we denied. *D'Amario v. United States*, No. 06–1498 (Feb. 8, 2006).